MR. JUSTICE SHEA
specially concurring:
I join the majority in reversing the judgment and ordering a new trial. I do not believe, however, that the opinion has adequately analyzed and treated any of the issues raised. I will, nonetheless, confine my comments to the issue of whether it was proper to instruct the jury that Blue Cross was governed by the insurance code.
Technically, one can agree with Justices Morrison and Sheehy that the coverage provided by Blue Cross is more in the nature of indemnity and therefore that it is insurance. The question is, however, whether Blue Cross, at the time of the transaction involved in this case-1972-believed in good faith that it was not an insurance company in the sense that it would be subject to the insurance code.
Up to the time this lawsuit was presented to the jury, no one involved with insurance believed that Blue Cross was subject to the insurance code. At the time of the claimed insurance code violations (1972), health insurance corporations were regulated by the attorney general rather than the insurance commissioner. Section 15-2304, R.C.M. 1947 (set out in full in the majority opinion). And in 1971 the legislature killed House Bill 253 which would have made health service corporations subject to the insurance code. The same legislature passed a resolution which, although not having the force of law, clearly enunciated a legislative position that it too did not consider health service providers to be under the insurance code, and that it did not want them to be under the insurance code. Until the trial court ruled in 1981 that Blue Cross was covered by the insurance code, and so instructed the jury, state officials and the companies involved, believed that Blue Cross and similar companies were not subject to the insurance code. The attorney general assumed, the insurance commissioner assumed, and Blue Cross assumed, that Blue Cross was not subject to the insurance code.
In dealing with the Webers, Blue Cross did not comply in many respects, with the insurance code. But it is fair to say *475 that it did not comply with the code because it believed the code did not apply. No state official had ever told Blue Cross that it was an insurance company rather than a health service provider, and therefore subject to the insurance code. But in permitting the jury to apply the insurance code to Blue Cross, the plaintiffs were given an unfair advantage.
Instructions nos. 17 and 19 were extremely prejudicial to Blue Cross. By instruction no. 17, the jury was told that if Blue Cross had not furnished “a statement in a form of the essential features of the insurance coverage of such employee or member . . .” that “no essential feature of insurance coverage not contained in a written statement. . . may be enforced against” the plaintiffs. The effect of this instruction is to state that if Blue Cross had not provided this summary form to the plaintiffs, Blue Cross could not rely on any of the exclusions or exceptions from coverage contained in the policy. Because Blue Cross had not given this statement to the plaintiffs, Blue Cross was essentially defenseless in contending that its policy provisions excluded or excepted from coverage, those claims made by the plaintiffs.
Instruction no. 19 was even more prejudicial. By this instruction, Blue Cross had a duty to obtain a written instrument signed by the plaintiffs, to the effect that any statements made by the plaintiffs could avoid insurance coverage or reduce benefits. If this written statement was not obtained, and it was not, Blue Cross could not in the absence of fraud, avoid coverage or reduce the benefits. Blue Cross did not obtain this written, signed statement from the plaintiffs because Blue Cross did not believe it was subject to the insurance code.
Plaintiffs’ counsel relied heavily on these instructions in arguing the case to the jury. Not only did they argue that Blue Cross violated the insurance code, but also they were able to argue that coverage under the policy could not be avoided or reduced because Blue Cross had not complied with the insurance code in furnishing to plaintiffs a “summary form of the essential features of the insurance coverage” (instruction no. 17) and had not obtained a written, signed statement from *476 the plaintiffs acknowledging that any statements made for the purpose of obtaining insurance could result in avoidance of coverage or a reduction in coverage.
Plaintiffs, then, had an immense advantage in explaining their many failures to give the correct information to the Blue Cross representative. On the other hand, Blue Cross could argue only that the plaintiffs had made fraudulent representations in the applications for insurance. That is the only way (because of instruction no. 19) that Blue Cross could avoid coverage or reduce the coverage.
I would grant a new trial because instructions nos. 17 and 19 bringing Blue Cross under the insurance code, should never have been given, and they were manifestly prejudicial.